## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MARK F. BRUMMITT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 09-cv-00102-JPG** |
| | ) | |
| **FEDERAL BUREAU OF PRISONS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate at the Federal Correctional Institution located in Greenville, Illinois

(FCI-Greenville), brings this action against the Federal Bureau of Prisons (BOP).  This case is

now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A,

which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any
> event, as soon as practicable after docketing, a complaint in a civil action in
> which a prisoner seeks redress from a governmental entity or officer or employee
> of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable
> claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief
>> may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or

in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon

which relief can be granted if it does not plead "enough facts to state a claim to relief that is

plausible on its face." *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007).  A complaint is

plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, No. 08-4286, 2009 WL 2535731, at *5 (7th Cir. Aug. 20, 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, No. 06-4260, 2009 WL 2498580, at *2 (7th Cir. Aug. 18, 2009).

### THE COMPLAINT

Plaintiff alleges that he owned a home valued between $225,100 and $249,900.  The home was encumbered by a mortgage to Wells Fargo.  In August 2008, Wells Fargo filed a foreclosure action against the Plaintiff in Wisconsin state court.  At the time Wells Fargo commenced the foreclosure action, Plaintiff was "awaiting a loan from his father" in order to pay off the Wells Fargo debt.

On November 14, 2008, Plaintiff was incarcerated at FCI-Greenville and was called to the administration building to accept service of the summons and complaint in the Wells Fargo action.  Plaintiff refused to accept service of process and returned to his housing unit.  On November 15, 2008, while still incarcerated, Plaintiff was again called to the administration building and, this time, he was "forced" to accept service of the summons and complaint.  The Wisconsin state court concluded the foreclosure action and Plaintiff alleges that he lost the sum of $91, 659.06.  Plaintiff seeks damages under the Federal Tort Claims Act for being "forced" to

2

accept service of the summons and complaint.

## DISCUSSION

Federal Prisoners may bring suit against the United States under the Federal Tort Claims ACT (FTCA), 28 U.S.C. §§ 2671, et seq., for injuries they sustain while incarcerated.  *See Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003).  Under the FTCA, the United States is liable for tort claims "in the same manner and to the same extent as a private individual under like circumstances."  It is on this requirement that Plaintiff's claim stumbles.

This Court can find no case that recognizes a tort that would allow Plaintiff to recover for being properly served with process.  The service of process is essential to the proper functioning of the legal system.  And serving process - or aiding a party in such activity - appears not to be a tort at all.  Indeed, if it were a tort, then no lawsuit could ever be effectively prosecuted because few people wish to be served with a lawsuit naming them as a defendant.  Plaintiff's status as a prisoner with the BOP does not alter the Court's analysis.   Prison is not a sanctuary to hide from the services of process.  Because the BOP has has control over Plaintiff,  service of  process can only be accomplished on a prisoner with the BOP's cooperation.  Accordingly, Plaintiff's complaint fails to state a claim upon which relief may be granted and must be dismissed pursuant to 28 U.S.C. § 1915A.

## DISPOSITION

In summary, the complaint does not survive review under 28 U.S.C. § 1915A. Accordingly, this action  is **DISMISSED**  with prejudice.  Plaintiff is advised that this dismissal counts as a strike for purposes of § 1915(g).  *See George v. Smith,* 507 F.3d 605, 607-08 (7th Cir. 2007); *Boriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004).  All pending motions are **DENIED**

as moot.

**IT IS SO ORDERED.**

**Dated: September 23, 2009.**

                                        **s/ J. Phil Gilbert**
                                        **U. S. District Judge**